Pulaski County v. County Judge of Saline County.

---

PULASKI COUNTY v. COUNTY JUDGE OF SALINE COUNTY.

1. COUNTIES: *Power of Legislature over.*
  The Legislature may, according to its own views of public policy
  and convenience, enlarge or diminish the powers of. counties, and
  may extend, limit or change their boundaries, without the consent
  of the inhabitants except that by the Constitution, "no part of a
  county shall be taken off to form a new county without the con-
  sent of a majority of the voters in such part proposed to be taken
  off."

2. SAME: *Power to apportion indebtedness on partition of county. Notice.*
  The Legislature may require of a county, to which a part of another
  territory has been attached, payment of part of the latter's indebt-
  edness, and may direct how the debt shall be ascertained; and
  when the act designates the time for the adjustment of the amount

by the *County Court* from which the territory is severed, the other county to which it is attached has notice, and may contest the correctness of the adjustment, and appeal it to the Circuit Court.

3. SAME: *Partition of, as affecting Senatorial district.*

The transferring a portion of a county in one Senatorial district to another county, in a different Senatorial district, constitutes no change of those districts. They are each composed of the same counties as before; and counties, not territory or inhabitants, are the constituents of the districts.

APPEAL from Saline Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

STATEMENT.

On the second of April, 1878, Pulaski county filed in the Circuit Court of Saline county her petition for mandamus, against James W. Adams, Judge of the County Court of that county, alleging, in substance, that in accordance with the provisions of the Act of the Legislature of the seventh of December, 1875, entitled, "An Act to define the boundaries of Pulaski and other counties," the County Court of Pulaski county, at its January term, 1876, being the first regular term after the passage of said act, made a *pro rata* division of the debt of Pulaski county, according to the assessed value of all the real and personal property within the territory cut off and attached to each of the counties of Lonoke, Faulkner and Saline, according to the last assessment made in Pulaski county, and entered the same in full upon the records of said County Court, whereby it appeared that the proportion of the debt of Pulaski county due from Saline county, on account of the territory of Pulaski attached to Saline county, was $19,109.75. That said county of Pulaski thereupon, on the twentieth of April, 1876, caused a transcript of said proceeding, under the seal of

said court, and the official signature of the clerk of said court, to be transmitted to the clerk of the County Court of Saline county, to be by said clerk laid before the County Court of Saline county at its next regular term. That said clerk laid said transcript before said County Court of Saline county at its next regular term—the July term, 1876; but the judge, treating said proceeding as the institution of a suit by Pulaski county against Saline county, held, that Saline county was not indebted to Pulaski county in any sum, and dismissed the cause at the cost of Pulaski county, and refused to enter said transcript upon the records of the County Court of his county.

Prayer for a writ of mandamus, commanding said Judge to cause said proceedings to be entered at large upon the records of his court.

A certified copy of the transcript from Pulaski county, and the proceedings thereon in the Saline County Court, were exhibited with the petition.

The defendant appeared and filed his answer to the petition, denying that the County Court of Pulaski county had made a *pro rata* division of the county's debt, in pursuance of the act of the Legislature, as alleged in the petition; denying that the County Court of Pulaski county ascertained that the portion of the debt to be paid by Saline county was $19,109.75, or any other sum, as alleged in the petition, and alleging, in substance, that the ascertainment of the debt of Pulaski county, the *pro rata* division thereof, and allottment of the portion due from Saline county, were, each and every one of said items, found by the *clerk* of the County Court of Pulaski county without authority of law, and were not made by the County Court of Pulaski county as required by law.

Defendant further denied that it was his duty to have said transcript entered upon the records of his court,

because Saline county was in no way bound, legally or mor-
ally, to pay any part of said debt; alleging that neither the
county or its citizens had ever agreed or consented to pay
any part of it; that said territory was added to Saline
county without the consent and against the will of the in-
habitants of said territory, or of Saline county or its inhab-
itants; and if Saline county was liable for any portion of said
debt of Pulaski county, the County Court of said county
had failed to comply with said act of the Legislature in leav-
ing it to the clerk of said court to ascertain the amount of
said debt, instead of ascertaining it by its own examina-
tion.

And the defendant further says that said County Clerk,
in making up the indebtedness of Pulaski county, included
a large amount of fraudulently issued and allowed unjust
and illegal bonds, coupons, warrants, certificates, scrips,
claims and accounts, which should not have been included;
also large amounts of unjust, fraudulent and collusive judg-
ments obtained by consent and collusion, against said county,
founded on said illegal and fraudulent scrip, and in conse-
quence, the *pro rata* of Saline county was exorbitantly and
unjustly increased beyond the amount justly and legally
due from her. That said act of the Legislature was uncon-
stitutional in this:

It attempts to cut off from Pulaski county a large por-
tion of her territory and resident voters therein, and attach
them to Saline county, without first obtaining their consent,
as required by article 13, section 2 of the Constitution of
Arkansas. That neither said voters nor a majority of the
voters of Saline county have ever consented to attaching
said territory to Saline county. That there was no notice
of the intention to apply to the Legislature for such an
act. Said act purports to change the line of the Ninth and
Tenth Senatorial districts, in violation of the Constitu-

tion. It divides a county now embraced in a Senatorial District, and changes the arrangement of said district, in violation of the Constitution (Art. 8, Sec. 2), and breaks up the apportionment of Representatives, as fixed for the House of Representatives by the Constitution, which could not be done before the year 1880. The Legislature could not impose a part of the debt of Pulaski county upon Saline county without the consent of its citizens.

Many other matters are alleged in defense, and reasons assigned why the act is unconstitutional, but the Court has not deemed them material to pass upon, and they are omitted here as unnecessary to an intelligent understanding of the matters decided.

The petitioner demurred to the answer. The demurrer was overruled, and, electing to stand upon the demurrer, her petition was dismissed, and she appealed.

*Z. P. H. Farr*, for appellant:

The County Court of Saline county had no discretion in the matter; nothing to do but to perform a plain, legal act (*Acts* 1875, *p.* 120, *sec.* 4), and, for refusing, mandamus would lie. *Cheatham, ex parte*, 6 *Ark.*, 437; 26 *Ark.*, 100.

Sec. 2, Art. 13, Constitution, only applies to *new counties*, hence no consent of the voters was necessary.

The Legislature clearly had the right to pass the act. *Com'rs Laramee Co* v. *Com'rs Albany Co.*, 92 *U. S.* (2 *Otto*), 307; *Eagle* v. *Beard*, 33 *Ark.*, 497.

Counties may be modified, changed, or entirely destroyed by the power that created them. *Eagle* v. *Beard*, *Supra.*, and *Cooley Con. Lim.*, *p.* 191, *secs.* 192–3; and cases cited; 14 *La.*, 406; 16 *Mass.*, 16; 3 *Bush*, 93; *City St. Louis* v. *Allen*, 13 *Mo.*, 414.

The act does not violate *Art.* 8, *Const.* (apportionment.)

It neither increases nor diminishes the number of members of the General Assembly, nor adds a county to, or takes one from, the Senatorial or Legislative district. Appellee can not raise the question of apportionment, as that question does not affect his rights. *Cooley Const. Lim.,* 162, *sec.* 163.

No private property was taken by the act.

*John Fletcher,* for appellee:

The statement required by the Act of December 7, 1875, was made by *the Clerk,* and not by *the Court.* This was *a judicial act* which only *the Court* could perform, and the Clerk's act was void. Saline county had no notice and no opportunity to appeal.

The Act changes the lines of the Senatorial districts, and is void. *Art,* 8, *secs.* 2 *and* 4 *Const,* ; 20 *N. Y.,* 447 ; 29 *Mich.,* 116 ; 30 *Barb. N. Y.,* 349 ; 2 *Gray,* 84 ; 33 *Maine,* 587.

The act (through taxation) makes the inhabitants of Saline county pay a debt of Pulaski county—in effect, imposes a tax on the people of Saline, without any law authorizing the levy of such tax—and, in fact, deprives them of their property without the judgment of their peers, or the law of the land—a direct violation of the Bill of Rights. *Art* 20, *sec.* 21 ; *Art.* 2, *sec.* 7 *Const.* ; *Cooley Con. Lim.,* 353, *note* 1 *et seq.,* 357 ; *Art.* 21, *sec.* 11 *Const.* ; 20 *Wallace,* 663.

Any attempt to take away from the Saline County Court any particle of its jurisdiction, as conferred by the *Constitution,* or *general statutes,* is void. *Worthen* v. *Badgett,* 32 *Ark.,* 496. The Act attempted to do so. *Gantt's Dig.,* 595, 602, amended by *Act* 1875, *p.* 52 ; and *secs.* 938, 946, 947 *Gantt's Dig.; State ex rel. Walsh* v. *Duncan,* 28 *Wis.,* 541.

The Act, though in form a law, is in effect a legislative decree; it prescribes a rule contrary to general law, and orders it enforced. *Cooley Con. Lim.*, 90–92 *side p.; Envins Appeal;* 16 *Penn. St.*, 265 ; *Sealborn* v. *Com'rs, etc.*, 9 *Minn.*, 278; 50 *Cal*, 388 ; 11 *Penn. St.*, 495 ; 2 *Allen, Mass*, 380.

Section 4 of the Act clearly gives Saline County Court discretion and power to examine and pass upon the legality and correctness of the transcript; and, having so passed upon it, Pulaski county's remedy was by appeal, and, not having appealed, the matter is *res adjudicata* ( *Gantt's Dig.*, secs. 1191, 1193), and mandamus will not lie. See 8 *Ark.*, 424 ; 14 *Ib.*, 368 ; 25 *Ib.*, 614 ; 26 *Ib.*, 510 ; 27 *Ib.*, 382 ; 28 *Ib.*, 294 ; *High on Extraordinary Rem.*, secs. 156, 176 ; *State ex rel. Watkins* v. *Macon county, etc.*, 68 *Mo.*, 50 ; *U. S.* v. *Lawrence*, 3 *Dall*, 42 ; 5 *Burney*, 87 ; 14 *East*, 395.

HARRISON, J. Counties being created by the authority of the Legislature for political and judicial purposes, and deriving all their powers, where the Constitution has not otherwise provided, from that authority, the Legislature may, according to its own views of public policy and convenience, enlarge or diminish their powers, and it may extend, limit or change their boundaries, without the consent of the inhabitants, except that, as inhibited by Section 2 of Article XIII of the Constitution, "no part of the county shall be taken off to form a new county without the consent of a majority of the voters in such part proposed to be taken off." *Eagle et al* v. *Beard et al*, 33 *Ark.*, 497 ; *Loftin, Sheriff,* v. *Watson*, 32 *Ark.*, 422 ; *Cole* v. *White county*, *Ib.* 51 ; *English* v. *Oliver*, 28 *Ark.*, 327 ; *Pulaski county* v. *Irvin*, 4 *Ark.*, 489 ; *Laramie Co.* v. *Albany Co.*, 2 *Otto*, 307.

*1. COUN-TIES: Power of Legislature over.*

2. Power to apportion indebtedness on partition of county, That the Legislature may require from the county to which a part of another's territory has been attached, payment of a portion of the latter's indebtedness, and direct that the same be ascertained in the manner described by the act in this case has been settled by this court. *Eagle et. al* v. *Beard et al, supra*; *Reynolds* v. *Holland, Sheriff*, 35 *Ark.*, 56; *Phillips Co.* v. *Lee Co.*, 34 *Ark.*, 243; *Lee Co.* v. *The State ex rel, etc.*, 36 *Ark.*, 276; *Monroe Co.* v. *Lee Co.*, *Ib.*, 378.

In the case of *Phillips county* v. *Lee county*, in speaking of the manner of adjustment of the portion of Phillips county's indebtednss, to be paid by Lee county, prescribed by the act creating the latter county, the court say:

"The proceedings are not of the nature of a suit or action by Phillips against Lee county, to enforce an obligation resting in contract. They were had in pursuance of legislative directions, for the purpose of so adjusting the fiscal arrangements of the new, and several old counties, as to save the rights of citizens and creditors, and make the change in the political organization of the territory concerned harmonize with them, as far as might be possible. The Legislature had full power to make this adjustment of the burdens, and to impose on the new county of Lee all it attempted, with or without its consent."

The fourth section of the Act of December 7, 1875, is as follows:

"Section 4. It shall be the duty of the County Court of Pulaski county, at the next regular term held after the passage of this Act, to make a *pro rata* division of the debt of Pulaski, according to the assessed value of all the property, both real and personal, within the territory cut off and attached to each of the counties of Lonoke, Saline and Faulkner, said *pro rata* division to be determined according to the last assessment made in Pulaski county, and enter

the same in full upon the records of the County Court, and cause a full, true and perfect transcript to be made, under the seal of the court, and transmitted to the clerk of each of the counties named ; and it shall be the duty of the clerk of each of the counties of Lonoke, Saline and Faulkner to lay the same before the next regular term of the County Courts of said counties held thereafter ; and it shall be the duty of each of the judges of the respective counties to cause said transcript to be spread at length on the County Court records of their respective counties, and the same shall from thence thereafter stand and become a valid indebtedness due the said Pulaski county from each of the counties herein named."

There was nothing in the objection that the statement— showing Saline county's portion of the Pulaski county indebtedness—was made up by the clerk. It does not follow that because the clerk prepared it (which he might very properly do, as an auditor of the court) that it was not duly examined by the court and found to be correct. And as the term at which the adjustment was to be made was fixed by the act, Saline county had notice of the proceeding, and might have insisted on its correction, if incorrect, and if not done, appealed to the Circuit Court from the order of adjustment.

*Notice to county.*

*Appeal to Circuit Court.*

The statement is sufficiently plain to show the liability of Saline to Pulaski, and the facts upon which the *pro rata* division was made ; but if Saline county desired it to be made more specific, it might readily have caused it to be done.

Though, by the change of the line between the counties, a part of Pulaski, which is in the Tenth Senatorial district, was attached to Saline, in the Ninth, there was not, as objected by the respondent, a change of those districts, contrary to Section 2 of Article VIII., which prohibits any change of Senatorial districts until after the national census

3. COUNTIES: Partition of, as affecting Senatorial districts.

·of 1880. They are each still composed of the same counties as before. Counties are the constituents of the districts, not territory or inhabitants. *Howard* v. *McDiarmid*, :26 *Ark.*, 100.

The answer to the petition contained no matter of defense, :and the demurrer to it should not have been overruled. The judgment of the court below is, therefore, reversed, ·and the cause remanded to it, with instructions to sustain the demurrer, and for further proceedings.